JAMES CONWAY v. JOHN ROBERTS.

FILED NOVEMBER 21, 1893.    No. 5610.

Exemptions: RIGHT OF FARMER TO SELECT HORSES. By the
    provisions of section 530 of the Code of Civil Procedure a debtor,
    resident of this state, the head of a family, and engaged in the
    business of agriculture, is entitled to select and hold as exempt
    from execution "a pair of horses;" and he may exercise his own
    discretion in the selection of such horses, and is not limited to
    any particular horses, but may make such selection from any
    horses owned by him.

ERROR from the district court of Johnson county. Tried
below before BROADY, J.

*Daniel F. Osgood*, for plaintiff in error, cited: *Keybers
v. McComber*, 67 Cal., 395; *Kilpatrick v. Callender*, 34
Neb., 727.

*S. P. Davidson*, contra, cited: Code, sec. 530; *Williams
v. Golden*, 10 Neb., 434; *Frazier v. Syas*, 10 Neb., 117;
*State v. Sanford*, 12 Neb., 430; *Chesney v. Francisco*, 12
Neb., 626; *Desmond v. State*, 15 Neb., 439.

RAGAN, C.

This is an action in replevin brought in the district court
of Johnson county by John Roberts against James Con-
way, a constable of said county. Roberts alleged in his
petition that he was a resident of said county; the head of
a family; engaged in the business of agriculture; the owner
of and entitled to the possession of one two-year-old horse,
which had been taken by Conway on an execution against
him, Roberts, but that said horse was exempt under the
law. Roberts had a verdict and judgment, and Conway
comes here on error.

It appears from the record that Johnson was a resident

of said Johnson county, the head of a family, engaged in the business of agriculture, and possessed of no real estate whatsoever, either as a homestead or otherwise; that Conway seized the horse sued for by virtue of an execution against Roberts, who thereupon made inventory under oath of the whole of his, Roberts', personal property, and demanded án appraisement of all such property as was not specifically exempt, in order that he might select his other exemptions. The record does not show that any appraisal was had, but Conway appears to have released all the property levied upon, except the horse in question.

Section 530, Code of Civil Procedure provides: " No property hereinafter mentioned shall be liable to attachment, execution, or sale, on any final process issued from any court in this state, against any person being a resident of this state and the head of a family. * * * Sixth. * * * and if the debtor be at the time actually engaged in the business of agriculture, in addition to the above, one yoke of oxen, or a pair of horses in lieu thereof. * * * All of which articles hereinbefore intended to be exempt shall be chosen by the debtor, his agent, clerk, or legal representative, as the case may be." This law exempted from sale on execution " a pair of horses " and left it to Roberts to choose out of all the horses he owned a pair he desired to retain. Roberts having done this, the officer should have released the horses selected.

Conway requested the trial court to instruct the jury as follows:

" 1. The court instructs the jury that the law in exempting a team to a person engaged in the business of farming contemplates a team actually used by him, if he has more than two horses.

" 2. The court instructs the jury that a two-year-old colt is not a horse and is not exempt if the person claiming the exemption owns horses four years old and over, which he actually uses in carrying on his business of farming.

"3. The court instructs the jury that if the plaintiff owned a team which he actually used in carrying on his business of farming, then a two-year-old colt owned by the plaintiff not used in carrying on his business of farming is not specially exempt as a team, under the provisions of our statute."

Conway assigns as error the court's refusal to give these instructions. There was no error in the refusal of the court to so charge. It is not a team that the statute exempts, but "a pair of horses." The statute does not select, or attempt the selection of what particular horses shall be exempt, but leaves that to the execution debtor.

Conway also excepted to and assigns as error the giving of an instruction given by the court as follows: "The jury are instructed that the head of a family, being a resident of this state, and engaged in the business of agriculture, is entitled to hold as exempt a pair of horses specially exempt, in addition to his other exemptions, as provided by law; and this pair of horses said head of a family may select himself." This was correct, and a succinct statement of the law applicable to the facts of the case.

Conway also assigns as error the refusal of the court to permit him to prove the value of certain corn and wheat alleged to belong to Roberts. We are unable to see how this evidence was material in this case. It was not denied that Roberts was the head of a family and a resident of the state, and engaged in the business of agriculture. He selected the horse in controversy as one of the pair exempt to him by law, and whether he owned corn or wheat, or both, and their value, were all immaterial. There is no error in the record and the judgment of the district court is

AFFIRMED.